IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VIRGIL LEE WILLIAMS,

    Plaintiff,

v.                                                          5:13cv333-WS

SGT. STAPP,

    Defendant.

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation docketed November 13, 2013. See Doc. 8. The magistrate judge recommends that the plaintiff's complaint and this case be dismissed for abuse of the judicial process under 28 U.S.C. § 1915(e) based on the plaintiff's failure to fully disclose his prior litigation history. The plaintiff has filed objections (doc. 9) to the magistrate judge's report and recommendation.

As reported by the magistrate judge, the Court's PACER Case Locator reflects that the plaintiff has filed at least three federal cases while he has been incarcerated: Williams v. Romine, Case No. 3:01cv90-RV (N.D. Fla. 2001)

(dismissed as frivolous); Williams v. Davis, Case No. 3:97cv1123-RWN (M.D. Fla. 1997) (dismissed for abuse of the judicial process); and Williams v. Davis, Case No. 3:96cv51-HES (M.D. Fla. 1996) (dismissed for failure to comply with a court order).  In this case, in answer to questions on his civil rights complaint form, the plaintiff disclosed that he previously filed one federal court action, namely, an action against Sergeant Barnett Davis arising out of an alleged assault at the Lake Butler Reception Center.  While he indicated that the case against Sergeant Davis was filed sometime in 1996 in either the Gainesville or Panama City Division, he could not remember the case number, the name of the presiding judge, or the precise filing date.

In his objections to the magistrate judge's report and recommendation, the plaintiff denies that he previously filed a case against Sergeant Davis in 1997.  As reflected in his responses to the questions on the form regarding details of his case against Davis, Williams's memory about the suit against Davis is faulty.  In fact, court documents reflect that he initially sued Davis in the Northern District of Florida, but his suit was transferred to the Middle District of Florida as Case No. 3:96cv51-HES.  When Williams failed to file an amended complaint and an affidavit of indigency as ordered, the 1996 case was dismissed without prejudice.  Williams re-filed his case against Davis in 1997.  Originally filed as Case No.

2:97cv387-SCB in the Fort Myers Division in the Middle District of Florida, the 1997 case was transferred to the Jacksonville Division of the Middle District of Florida  Florida, where it was assigned Case No. 3:97cv01123-RWN.  Judge Nimmons dismissed Case No. 3:97cv01123-RWN for abuse of the judicial process because, in his complaint, Williams failed to disclose his earlier-filed case (Case No. 96cv51-HES) against Davis.

Given the convoluted history of his litigation against Davis, this court is inclined to overlook Williams's failure to accurately report that litigation.  The 2001 case filed against Romine, however, is another matter.  In his objections, Williams denies that he filed a case against a defendant named Romine.  Such denial, however, is belied by official court records, which reveal that Case No. 3:01cv90-RV was, in fact, filed by the plaintiff, Virgil Lee Williams, DOC inmate number 775684.  Case No. 3:01cv90-RV should have been disclosed on the complaint form, and the plaintiff has provided no persuasive reason to excuse his failure to do so.  Accordingly, it is ORDERED:

1.  The magistrate judge's report and recommendation (doc. 8) is hereby ADOPTED and incorporated by reference into this order.

2.  The plaintiff's motion for leave to proceed in forma pauperis (doc. 2) is DENIED.

3. The plaintiff's complaint and this action are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as an abuse of the judicial process because the plaintiff did not truthfully and fully disclose his prior litigation history.

4. The clerk shall enter judgment stating: "All claims are dismissed without prejudice."

4. The clerk shall note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

DONE AND ORDERED this ___9th___ day of ___January___, 2014.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE